

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION
_____

| | | |
|---|---|---|
| THOMAS SAWYER, PRO SE, <br> A.K.A. THOMAS C. SAWYER, JR., <br> TDCJ-CID #579557, <br> Previous TDCJ-CID #303455, <br><br> Plaintiff, <br><br> v. <br><br> NANCY JOWERS, Sgt. NFN BORDERN, <br> Sgt. NFN BAGBY, Capt. NFN PONDER, <br> Ms. NFN BURKHAMMER, and <br> TEXAS DEPARTMENT OF <br>   CRIMINAL JUSTICE (TDCJ), <br><br> Defendants. | § § § § § § § § § § § § § § § § § | 2:08-CV-0186 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff THOMAS SAWYER, also known as THOMAS C. SAWYER, JR., acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants. Plaintiff has paid the filing fee and is not proceeding in forma pauperis.

Plaintiff claims defendant JOWERS denied plaintiff access to the courts by interfering with his mail. Plaintiff further claims defendants BORDERN, PONDER, BAGBY, and BURKHAMMER have retaliated against him for filing lawsuits and grievances. Lastly, plaintiff claims defendant TEXAS DEPARTMENT OF CRIMINAL JUSTICE (TDCJ) has implemented a policy which is unconstitutional on its face and which has been used to retaliate against plaintiff for exercising his constitutional rights to remain silent, to grieve his grievances, and to petition the Court.

Plaintiff requests injunctive relief in the form of a prohibition against retaliation, a prohibition against a unit transfer to any other unit except Ellis I without the consents of plaintiff and the Court, an order requiring the disciplinary conviction involved in plaintiff's present claims to be expunged and not considered for purposes of parole determination, and that plaintiff be returned to minimum custody with a classification of SAT-4. Plaintiff also requests an award of compensatory and punitive damages.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

# THE LAW AND ANALYSIS

**Defendant JOWERS, Mailroom Supervisor**

Plaintiff claims defendant JOWERS has denied him access to courts[3]. A prisoner enjoys a limited constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). The right of access to the courts encompasses the right to prepare and transmit a necessary legal document to a court, but has not been extended beyond that point. *Easton v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (citing *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123, 114 S.Ct. 1081, 127 L.Ed.2d 397 (1994). This right of access for prisoners encompasses only a reasonably adequate opportunity to file non-frivolous legal claims challenging their convictions or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 353-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). This is not an absolute right, and prison officials may establish reasonable requirements before any mail must be treated as legal mail. *Henthorn v. Swinson*, 955 F.2d 351, 353 (5th Cir. 1992) (citing *Taylor v. Sterrett*, 532 F.2d 462, 475 n.20 (5th Cir. 1976). Conduct which is merely negligent does not meet the standard for liability under section 1983. *Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986).

If a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the courts is not valid. *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.), *cert. denied*, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992). The prisoner must demonstrate prejudice or harm by showing that his ability to pursue a non-frivolous, arguable legal claim was hindered by prison officials. *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002); *Lewis v. Casey*, 518 U.S. at 351-53. The prisoner must show an "actual injury" to his

---

[3]See page 3 at IV.B. of plaintiff's complaint.

ability to pursue a legal claim. *Lewis v. Casey*, 518 U.S. at 351-53. He must show his legal position was actually prejudiced, that he was prevented from presenting a meritorious legal issue. *Ruiz v. United States*, 160 F.3d 73, 275 (5th Cir. 1998); *see, also, Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988).

The Court notes that, although plaintiff consistently alleges defendant JOWERS, the Mailroom Supervisor, deprived him of access to courts by refusing to deliver or by delaying certain mail, plaintiff does not present any factual allegation to support a claim that defendant JOWERS personally performed any of those acts or omissions or that they were performed pursuant to her orders. The acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff has alleged no fact to show personal involvement by defendant JOWERS and has alleged no fact showing any causal connection between her acts or omissions and the alleged constitutional violation. Consequently, plaintiff's allegations against defendant JOWERS fail to state a claim on which relief can be granted.

In addition, examination of plaintiff's individual and specific allegations of instances in which his mail was mishandled fails to reveal any allegation demonstrating an actual injury stemming from the defendant's unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts

4

claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999). Thus, plaintiff's access to courts claim against defendant JOWERS fails to state a claim on which relief can be granted.

Plaintiff alleges that, upon his June 15, 2006 receipt of the docket sheet in cause no. 2:04-CV-0028, he realized at least six of his pleadings had not been received by the Court, those pleadings having been mailed January 15, 2004; April 9, 2004; May 3, 2004; October 1, 2004; June 6, 2005; and July 29, 2005. Plaintiff also alleges at least two of his pleadings were delayed in that one mailed July 2, 2004 was not received by the Court until September 22, 2004; and the other mailed February 10, 2006 was not received by the Court until March 7, 2006.

Review of the docket and case file in 2:04-CV-0028 reveals plaintiff filed an amended complaint on May 24, 2004. Thus, his January 15, April 9, and May 3, 2004 pleadings in 2:04-CV-0028 were all superseded by that Amended Complaint, which finally allowed screening of plaintiff's lawsuit. Further, the October 1, 2004, June 6, 2005, and July 29, 2005 pleadings were drafted and submitted well after the July 20, 2004 dismissal, and there appears to be no prejudice which could have flowed from their loss or destruction. In addition, these pleadings were only a few of plaintiff's multitudinous post-judgment pleadings for rehearing or relief from judgment in that cause. Review of the docket shows plaintiff successfully filed fifteen post-judgment pleadings in this Court.

In addition, the alleged delay of plaintiff's motion for service which plaintiff says he mailed July 2, 2004 but was not filed by the Court until September 22, 2004 did not harm plaintiff's position as a litigant in that cause and had nothing to do with the dismissal of the case. The same is true of plaintiff's March 7, 2006 motion for relief from judgment, which plaintiff alleges he mailed February 10, 2006. The alleged delay worked no harm to plaintiff; he was given a copy of the judgment in that cause and filed an out-of-time notice of appeal.

5

Plaintiff also alleges defendant JOWERS switched some of the pages of pleadings in two separate cases, 2:04cv28 and 2:04cv144, which were sent in the same envelope. There was a set of pleadings in which pages appeared to have been confused as plaintiff describes. Nevertheless, plaintiff offers no allegation of fact supporting his claim that defendant JOWERS did this personally, that it was done by someone else on her orders, or even that it was done intentionally instead of through negligence. Critically, given the alleged July 29, 2005 mailing date, the pleadings were post-judgment in each case, and the confusion concerning the pages worked no substantive harm to plaintiff's position as a litigant in either cause.

Plaintiff alleges document numbers 9, 10, 11, and 12 in cause no. 2:04-CV-0028 were not delivered to him. Review of the docket reveals document number 9 was one of plaintiff's own pleadings, of which plaintiff is presumed to have retained a copy for his own records.

Document no. 10 was an order overruling plaintiff's Federal Rules of Civil Procedure 72 objections to the severance of certain claims from this cause and the opening of a new cause for them. Plaintiff did not inform the Court he didn't receive a copy of the ruling and didn't request a copy of it. Moreover, plaintiff's severed claims in cause no. 2:04-CV-0144 were dismissed for want of prosecution when plaintiff, who was barred from proceeding as a pauper pursuant to Title 28, United States Code, section 1915(g), failed to pay the filing fee. The June 14, 2004 Fee Order issued in 2:04-CV-0144 gave plaintiff sufficient notice that he was required to pay, but he neither paid nor filed responsive pleading of any sort in that cause. It was plaintiff's choice to follow that course of action in 2:04-CV-0144, and the resultant dismissal did not flow from any occurrences in 2:04-CV-0028. Finally, dismissal of 2:04-CV-0144 was without prejudice, and plaintiff never re-filed his claims with payment of the filing fee. These circumstances do not support any allegation that plaintiff's position as a litigant was harmed as a result of non-receipt of pleading no. 10.

As to pleadings 11 and 12, they were the Memorandum Opinion and Order of Dismissal and Judgment in cause no. 2:04-CV-0028. Plaintiff may not have received them in July, but, when he informed the Court of that fact, he was provided a copy by Order issued March 14, 2006. Plaintiff subsequently was allowed to file a notice of appeal, and therefore, it appears there is no basis to argue his position as a litigant was harmed by the initial failure to receive the dismissal and judgment in that cause.

Plaintiff alleges that, on June 23, 2006, he "filed[4]" four pleadings in cause no. 2:04-CV-0028 which were never received and filed by the Clerk. These pleadings consisted of a notice of appeal, a "notice concerning filing fee", a designation of record on appeal, and a request for investigation and official complaint. The Court notes there is no record of these pleadings on the docket, but plaintiff subsequently was able to file a notice of appeal and five other pleadings on September 29, 2006. Therefore, it does not appear his position as a litigant was prejudiced in any way by the loss or destruction of the June 23rd pleadings.

Lastly, plaintiff alleges some documents "which was proof that JOWERS had covered this court's address on plaintiff's envelope addressed to the court with one she knew would be returned to sender" which were to be returned to him with correspondence from attorney Charles Hood dated June 9, 2006, were not enclosed with such correspondence. Plaintiff also claims JOWERS has since prevented him from mailing correspondence to Mr. Hood on three separate occasions. Plaintiff does not tie this incident to any litigation of any sort and alleges no fact showing personal involvement by defendant JOWERS.

With respect to each incident concerning delay or failure to deliver mail set forth above,

---

[4] The Court assumes plaintiff means he filed these pleadings pursuant to the mailbox rule which provides that a prisoner's federal pleadings should be considered to have been filed as of the date the pleadings were presented to the prison authorities for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72, 108 S.Ct.2379, 2382-83, 101 L.Ed.2d 245 (1988).

plaintiff does not provide any indication whether the actions taken were in conformance with mailroom regulations. To the extent defendant JOWERS or a member of her staff was implementing mailroom regulations, she or her staff is protected by qualified immunity.

Plaintiff's complaint contains no allegation that his position as a litigant was harmed by any of the mailroom deficiencies he alleges against defendant JOWERS and perusal of the docket sheets of the causes referenced reveals the alleged deficiencies clearly did not affect plaintiff's position as a litigant and, in the case of post-judgment mailings, do not appear to have been brought by plaintiff to the attention of the Fifth Circuit. In fact, plaintiff's appeal in cause no. 2:04-CV-0028 was dismissed for want of prosecution and he never appealed 2:04-CV-0144. Plaintiff has failed to state a claim with respect to his mailroom allegations. *Henthorn v. Swinson*, 955 F.2d 351, 353 (5th Cir. 1992) (citing *Taylor v. Sterrett*, 532 F.2d 462, 475 n.20 (5th Cir. 1976).

**Defendant TEXAS DEPARTMENT OF CRIMINAL JUSTICE**

Plaintiff alleges defendant TEXAS DEPARTMENT OF CRIMINAL JUSTICE has created an unconstitutional policy which provides that any commissary item purchased by an inmate and kept "over 60/90 days becomes contraband." Plaintiff says defendants PONDER and BAGBY were acting pursuant to this policy when PONDER threatened to plant contraband in plaintiff's property and when BAGBY confiscated plaintiff's property.

Actions brought pursuant to Title 42, United States Code, section 1983, are subject to the sovereign immunity bar of the Eleventh Amendment. *Richardson v. Southern University*, 118 F.3d 450, 453 (5th Cir. 1997). The Eleventh Amendment bars suit against a state or a state official unless the State has waived its sovereign immunity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989). This also applies to cases in which the state is the real party in interest. *Hander v. San Jacinto Junior College*, 519 F.2d 273, 278 (5th

Cir. 1975). The eligibility of the Texas Department of Criminal Justice for Eleventh Amendment immunity is settled law in this circuit. *Harris v. Angelina County*, 31 F.3d 331, 338 n.7 (5th Cir. 1994); *see, Loya v. Texas Department of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989). Therefore, the Texas Department of Criminal Justice is not a "person" within the meaning of section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989). "Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir.1996). Plaintiff's claim against the Texas Department of Criminal Justice is barred by sovereign immunity and, therefore, must be dismissed without prejudice for want of jurisdiction.

Even if plaintiff were allowed to amend to name a proper defendant, his claim would be frivolous. Plaintiff argues the regulation violates his due process rights, displaying deliberate indifference to his rights and those of other similarly-situated prisoners. Plaintiff does not elaborate further, but it appears plaintiff is arguing he and other prisoners have a constitutional right to keep their commissary items for more than 90 days. To the extent plaintiff is mounting a substantive due process attack, he must show the deprivation of a constitutionally protected right and that the governmental action was not "rationally related to a legitimate governmental interest." *Mikeska v. City of Galveston*, 451 F.3d 376, 379 (5th Cir. 2006). He has failed to satisfy either prong of this test. Plaintiff has no constitutionally protected right to extra items such as may be purchased from the commissary or to keep them for more than ninety days. Moreover, the challenged regulation is rationally related to the legitimate governmental interest in controlling trafficking and trading among the inmates by allowing inmates to retain only those commissary items for which their legitimate ownership can be verified by recent commissary receipts. It cannot be doubted that

9

prison security is a legitimate penological objective. *See, e.g., Brewer v. Wilkinson*, 3 F.3d 816, (5th Cir. 1993); *Scott v. Mississippi Dep't of Corrections*, 961 F.2d 77 (5th Cir. 1992). Thus, the regulation is rationally related to a legitimate government interest and plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**Defendant BORDERN**

Plaintiff alleges that his property was confiscated when he was taken to pre-hearing detention for a fight but, when it was returned on January 12, 2006, some items were missing. Plaintiff alleges defendant BORDERN was supposed to get the missing items but "fail to deliver these items to property room." In another part of his complaint, plaintiff alleges defendant BORDERN "retaliat[ed] against plaintiff for filing suit and grievances." Plaintiff does not elaborate further.

To state a claim of retaliation, the inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Conclusory allegations of retaliation are not sufficient; the plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___ n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Plaintiff has not presented any factual allegation of any sort to support his conclusory allegation of retaliation by defendant BORDERN and, thus, has failed to state a retaliation claim against this defendant on which relief can be granted.

As to plaintiff's property claim against BORDERN, the facts alleged support, at most, a

claim of negligence; however, section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs).

For the reasons set forth above, plaintiff's property claim against defendant BORDERN lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989).

**Defendants PONDER and BAGBY**

Plaintiff states defendant Capt. PONDER interviewed plaintiff concerning the fight and, when plaintiff refused to admit he was involved, defendant PONDER said he believed plaintiff wasn't in the fight but that, "since plaintiff refused to snitch as to who was fighting, and because plaintiff was filing law suits all the time, and had told Ms. Singletary (Access to Court Coordinator) that Ms. Jowers (Mail Room Supervisor) was stealing plaintiff's mail, etc. that he was sending plaintiff's property to S.T.G. officials" who would find any contraband. Plaintiff says when he told PONDER he didn't deal in contraband, PONDER said, "If you don't have any we will plant some." Plaintiff says he was found guilty in the fighting case. Plaintiff alleges defendant BAGBY "erroneously confiscated plaintiff's property," consisting of food, drink, and grooming items from the commissary, two pairs of glasses, some stamps, typewriter ribbons, a word processor, and dominoes. Plaintiff alleges these items were confiscated "in retaliation for plaintiff exercising his constitutional rights to file grievances and law suits and his right to remain silent."

Plaintiff says defendants PONDER and BAGBY were acting pursuant to the challenged property policy prohibiting commissary items over 90 days old which was analyzed earlier, *supra*, when PONDER threatened to plant contraband in plaintiff's property and when BAGBY

11

confiscated plaintiff's property. Since nothing in the policy as it is described by plaintiff, authorizes a threat to plant contraband, the Court concludes plaintiff is attempting to allege PONDER was threatening to plant commissary items older than ninety days so plaintiff would receive a disciplinary case for them. Nevertheless, plaintiff does not allege PONDER carried through with his threat. It is clearly established that mere allegations of verbal abuse do not present an actionable section 1983 claim. *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993). Further, mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.); *cert. denied*, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983)(quoting *Coyle v. Hughs*, 436 F.Supp. 591, 593 (W.D.Okla. 1977)). Consequently, the remarks plaintiff attributes to defendant PONDER will not support a claim of violation of plaintiff's constitutional rights.

The Court notes plaintiff has requested that his disciplinary conviction for fighting be expunged, his classification status be returned, and that the case play no part in his consideration for parole. Plaintiff does not inform the Court whether he lost goodtime as a result of that case or not. Assuming plaintiff did not lose goodtime, plaintiff has no constitutionally protected due process right in connection with his disciplinary case; and any effect on the duration of his sentence that a reduction in class has upon an inmate's ability to earn goodtime credits is too speculative and too attenuated to invoke the procedural guarantees of the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Furthermore, if plaintiff did lose goodtime as a result of that disciplinary determination, the *Heck*[5] doctrine is now applied to the prison disciplinary setting. *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997). For this reason, plaintiff's claim is not cognizable under

---

[5]*Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

12

section 1983 without a prior showing of favorable termination, that is, that the results of the disciplinary hearing have already been overturned, either on administrative appeal, through habeas, or by some other means. Plaintiff's pleading affirmatively demonstrates that his disciplinary case has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Consequently, plaintiff's challenge to the disciplinary case for fighting lacks an arguable basis in law and is frivolous until the *Heck* conditions have been met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff alleges PONDER was motivated by retaliatory intent when he sent plaintiff's property to Security Threat Group (STG) officials. Plaintiff offers PONDER's statement that he would do this because "plaintiff refused to snitch as to who was fighting, and because plaintiff was filing law suits all the time, and had told Ms. Singletary that Ms. Jowers (Mail Room Supervisor) was stealing plaintiff's mail etc." Only one of the three reasons[6] set forth is a constitutionally protected activity and that was not even listed as the primary motivation. Plaintiff's refusal to cooperate with the investigation was.

To claim retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). The inmate must be able to point to a specific constitutional right that has been violated. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). Moreover, causation requires the plaintiff to show that but for the constitutionally offensive retaliatory motive, the adverse act would not have occurred. *McDonald*, 132 F.3d at 231. Plaintiff's account of PONDER's motivation makes clear that he

---

[6]Plaintiff did not mention what the "etc." encompassed.

cannot meet this standard and that, even absent any alleged constitutionally repugnant retaliatory motive, PONDER would still have forwarded plaintiff's property to STG officials.

Although earlier analysis, *supra*, shows the challenged property regulation passes constitutional scrutiny, plaintiff's allegation that BAGBY confiscated plaintiff's property in accordance with such regulation shows that, in any event, BAGBY would be protected by qualified immunity. Moreover, plaintiff's allegation of constitutionally offensive retaliatory intent by BAGBY is entirely conclusory. Plaintiff's personal belief is not sufficient to support a claim of retaliatory intent. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___ n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Plaintiff has not presented any factual allegation of any sort to support his conclusory allegation of retaliation by defendant BAGBY and, thus, has failed to state a retaliation claim against this defendant on which relief can be granted.

Plaintiff alleges either defendant PONDER or defendant BAGBY broke his word processor and then claimed contraband was in it to deny plaintiff his word processor. Whatever happened to plaintiff's word processor, plaintiff's allegations make plain he doesn't know who broke it or how it was broken. Plaintiff does not allege any fact to show the damage was intentional. Nevertheless, assuming plaintiff's word processor was intentionally damaged and then kept by one of the defendants, it is clear such an act was not performed pursuant to any regulation.

Section 1983 will not support a cause of action if a person's property is taken by random and unauthorized conduct of a state actor and the state provides an adequate post-deprivation remedy. *Cathey v. Guenther*, 47 F.3d 162 (5th Cir. 1995). A prisoner's due process rights are not violated by

the confiscation of property without regard to prison policy requiring notice and the opportunity to be heard, where the tort of conversion provides adequate post-deprivation remedies. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). The Court notes Texas law provides an adequate post-deprivation remedy through the tort of conversion and, therefore, plaintiff's allegation fails to state a constitutional claim. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994).

Plaintiff argues Texas courts have no power to bench warrant prisoners for trial and, therefore, he is deprived of due process; however, plaintiff makes no allegation that he has attempted to assert a claim of conversion in any state court for any of the challenged takings of his property and lost for this reason. Although under Texas law a prisoner has no absolute right to appear personally at a civil proceeding, a district court has the jurisdiction to issue such a writ. Texas Constitution Art. 5 § 8. Also, a prisoner may request permission to proceed by affidavit, deposition, telephone or any other effective means. *Pedraza v. Crossroads Sec. Systems*, 960 S.W.2d 339 (Tex.App. – Corpus Christi 1997, no writ). A prisoner may also request a continuance until such time as he is released and able to attend court proceedings of his own power. *Brewer v. Taylor*, 737 S.W.2d 421, 423-24 (Tex.App. – Dallas, 1987, no writ). Therefore, even if plaintiff is correction in his blanket representation that the state courts will not bench warrant him in for a trial on a property claim, plaintiff is not deprived of his post-deprivation remedy for property loss.

**Defendant BURKHAMMER**

Plaintiff alleges defendant BURKHAMMER retaliated against him on April 11, 2006 by confiscating his coax cable. Plaintiff's allegation of constitutionally offensive retaliatory intent by BURKHAMMER is entirely conclusory and is not sufficient to support a claim of retaliatory intent. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). A plausible entitlement to relief exists

when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___ n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Plaintiff has not presented any factual allegation of any sort to support his conclusory allegation of retaliation by defendant BURKHAMMER and, thus, has failed to state a retaliation claim against this defendant on which relief can be granted.

To the extent plaintiff claims defendant BURKHAMMER wrongfully confiscated his coax cable, as discussed with respect to his claims against defendant BAGBY, Texas law provides an adequate post-deprivation remedy through the tort of conversion and, therefore, plaintiff's allegation fails to state a constitutional claim. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994).

**Unidentified Defendant(s)**

Lastly, plaintiff alleges he suffered another loss of property when he was placed in pre-hearing detention on April 4, 2006 but no one took his property to the property room. Plaintiff does not allege any one or more of the named defendants took part in this act but says it was done "to further retaliate against plaintiff." Plaintiff has failed to allege any fact to support his conclusory claim of retaliation and has failed to allege any fact to show the failure was the result of anything other than mere negligence on the part of unidentified personnel. Plaintiff has utterly failed to state a claim of any sort with respect to the April 4, 2006 incident.

## CONCLUSION

Pursuant to Title 42, United States Code, section 1997e(c)(1), it is HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff THOMAS SAWYER, also known as THOMAS C. SAWYER, JR., be DISMISSED

WITHOUT PREJUDICE FOR WANT OF JURISDICTION, WITH PREJUDICE AS FRIVOLOUS, WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET, AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail. The Clerk will also mail a copy to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this 31st day of October 2008.

/s/ MARY LOU ROBINSON
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE